## Della Robinson, Guardian, Plaintiff in Error, v. W. D. Smith et al., Defendants in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Coles county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed July 14, 1917.

### Statement of the Case.

Bill in equity by Della Robinson, guardian of Oather Smith, complainant, against W. D. Smith, her former guardian, his surety, Frank L. Osborne, and F. J. Trimble, heir of a deceased surety, defendants, for an accounting, claiming that, if interest had been collected annually by the guardian and reloaned, the ward would, from the compound interest, have had $180 more at the time the guardian was discharged. From a decree dismissing the bill for want of equity, complainant brings error.

ALBERT C. and BEN F. ANDERSON, for plaintiff in error.

CHARLES C. LEE and JOHN T. KINCAID, for defendants in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

GUARDIAN AND WARD, § 80*—*when guardian not liable for compound interest.* A bill by the guardian of a minor child against its father, the former guardian, for an accounting, alleging that if the interest on the fund had been collected annually from the bor-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

rower and reloaned, instead of being allowed to accumulate, a sum amounting to about fifteen per cent. of that claimed by the former guardian to be due would have been realized, is properly dismissed as without equity where the father, as guardian, paid all the expenses of the estate and of his child from his own funds, which payments amount to very much more than he is sought to be charged with, although he was a poor man, and made no claim for guardian's compensation.

## Charles E. Bowers, Appellant, v. M. F. Dunlap, Appellee.

1. PLEADING, § 279*—*amendment of plea to jurisdiction.* A plea to the jurisdiction is always amendable.

2. JUDGMENT, § 5*—*when jurisdiction over defendant not residing in county is lost.* A party cannot begin a suit in chancery in which the jurisdiction is properly at law, make a resident of the county where the suit is brought a defendant for the purpose of obtaining jurisdiction of the persons of nonresidents of the county as codefendants, and thereby force parties to appear and defend, and then by changing the cause of action to a suit at law and voluntarily dismissing as to all but a nonresident defendant, over whom jurisdiction could not be obtained in the suit at law, in that manner give a court of law jurisdiction over the person of the sole nonresident against his objection.

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed July 14, 1917. *Certiorari* denied by Supreme Court (making opinion final).

WALTER H. BENNETT and JOHN E. WALL, for appellant.

BELLATTI, BELLATTI & MORIARTY, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.